468 So.2d 844 (1985)
Alice S. SANFORD
v.
Chapman L. SANFORD.
No. 84 CA 0288.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
Rehearing Denied May 20, 1985.
*845 Alan S. Fishbein, Baton Rouge, for plaintiff-appellant Alice S. Sanford.
Stephen M. Irving, Baton Rouge, for defendant-appellee Chapman L. Sanford.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an appeal from a judgment of the East Baton Rouge Family Court which reduced Chapman L. Sanford's (appellee) child support payments.
Alice S. Sanford (appellant) and appellee were husband and wife. Of this marriage six children were born, one of whom is of majority age, a second lives with appellee, and the four younger ones live with appellant. A judgment of divorce was rendered on August 29, 1983. It decreed that the joint custody agreement of March 23, 1983 which condemned appellee to pay $1,000.00 per month (excluding June, July, and August) as well as other expenses, remains in effect.
Procedurally, appellee filed a petition for divorce, to which appellant filed an answer and reconventional demand seeking an increase in cash child support to $4,500.00 per month. Appellee then filed a motion to sever the reconventional demand and petition for divorce. Appellee also filed an exception of no cause of action, for failure to allege a change of circumstances, in response to the reconventional demand. The trial court granted the severance, sustained the exception, granted the divorce on a summary judgment and set the child support payments as stated in the joint custody agreement. Appellee then filed a petition for reduction of child support. At a hearing on the rule for reduction, the trial court orally stated that there was no change of circumstances to justify a reduction, but subsequently the court reconsidered and its written reasons reduced the child support from $1,000.00 to $500.00 per month. We affirm sustaining the exception of no cause of action, and reverse on the main issue, child support.
Appellant contends that the trial court erred in: 1) sustaining the exception of no cause of action for failing to allege a change of circumstances, 2) deviating from the oral reasons for judgment issued from the bench, and 3) denying an increase in support and allowing a decrease in support.
Appellant asserts that it is not necessary to show a change in circumstances at the time of a divorce proceeding. We disagree. However, we concede that this was the correct way to determine child support prior to Lewis v. Lewis, 404 So.2d 1230 (La.1981), but that since Lewis, the change in circumstances rule applies. "As a divorce decree does not terminate the obligation of child support, Lewis v. Lewis supra; McManus v. McManus, 428 So.2d 854 (La.App. 1st Cir.1983); Tureaud v. Tureaud, 427 So.2d 634 (La.App. 5th Cir. 1983); In re MDA, 427 So.2d 1334 at 1336 (La.App. 2nd Cir.1983); Babin v. Babin, 420 So.2d 1135 (La.App. 5th Cir.1982); Berthelot v. Berthelot, 425 So.2d 985 at 986 (La.App. 5th Cir.1983); we hold that an initial award of child support should not be altered absent a change of circumstances. Accord: Petrich v. Petrich, 430 So.2d 829 (La.App. 5th Cir.1983); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980)." Clooney v. Clooney, 446 So.2d 981, 985 (La.App. 3rd Cir.1984). This assignment is without merit.
Appellant's second contention that the trial court in its written reasons for judgment erred in deviating from the oral reasons is also without merit. It is well established that at his discretion, a trial judge may sign a judgment based on written reasons which differ substantially from previously stated oral reasons. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3rd Cir. *846 1980); Margan v. Precision Motors, Inc., 317 So.2d 664 (La.App. 4th Cir.1975).
Appellant also contends that the trial court erred in finding a change in appellee's circumstances and granting a decrease in child support. The determinative issue we must decide here is whether the Family Court abused its discretion in finding that appellee proved a substantial change in circumstances.
To modify a judgment or a consent decree awarding alimony and child support, the party seeking to modify the award bears the burden of showing that there has been a substantial change in circumstances of one, or both of the spouses. La.Civ.Code arts. 160, 227, 231; Ducote v. Ducote, 339 So.2d 835 (La.1976); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir. 1982) and cases cited therein. Also, children are to be maintained at the same standard of living which would be provided for them if they were living with the noncustodial parent. Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.), writ denied 415 So.2d 944 (La.1982). A trial court has much discretion regarding alimony and child support and its judgment in such matters will not be disturbed in the absence of a clear showing of abuse of that discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976).
There is evidence in the record as to both parties' financial condition prior to the initial separation in 1982 and after the joint custody agreement in 1982. Appellant had no income in 1982 but she earned $30,000.00 in 1983 as a real estate agent. However, her testimony indicates that the bulk of that income was derived from bond issue sales and is not indicative of her present income which is slightly more than $1,000.00 per month. Also we note appellant now pays the primary house note along with a second mortgage note and she no longer receives alimony.
Appellee testified that he had an income of approximately $180,000.00 at the time of separation ($40,000.00 derived from his law practice and $135,000.00 from an oil lease and presumably other miscellaneous income), but that in 1983 his income dropped to $48,000.00, derived solely from his law practice. The oil lease not renewed by lessee. However, appellee also testified that while he has had a decrease in income, he has had a significant increase in his net worth from $1.3 million to $1.5 million due to substantial property holdings, and has taken a $90,000.00 option on a house.
Our review of the record convinces us that the Family Court abused its discretion in finding that appellee had a substantial change in circumstances to warrant a reduction of child support. Although appellee has had a change in gross income, the assets available to him, and his earning ability at this time, are sufficient to maintain the child support as fixed in the joint custody agreement. We find no error in the finding of the Family Court that appellant has not shown a change in circumstances to justify an increase beyond that set in the joint custody agreement.
For the foregoing reasons, the judgment of the Family Court sustaining the exception is affirmed, and decreasing the child support reversed. Appellee is hereby ordered to pay appellant the sum of $1,000.00 per month for child support as originally set out in the joint custody agreement. All costs of this appeal are assessed to appellee.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.