698 So.2d 34 (1997)
Harry Clark CARNER, Plaintiff  Appellant,
v.
Belinda Milburn CARNER, Defendant  Appellee.
No. 97-128.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1997.
Terry G. Aubin, Pineville, for Harry Clark Carner.
Thomas Overton Wells, Alexandria, for Belinda Milburn Carner.
Before COOKS, WOODARD and AMY, JJ.
AMY, Judge.
The plaintiff, Harry Clark Carner, filed a Rule for Reduction in Child Support against the defendant, Belinda Milburn Carner. The reduction was granted and an immediate income assignment was ordered by the judgment. The plaintiff now appeals the income assignment. For the following reasons, we affirm.

DISCUSSION OF THE RECORD
This appeal arises from a Rule for Reduction in Child Support filed by the plaintiff, Harry Clark Carner against the defendant, Belinda Milburn Carner. The record reveals that the parties were divorced in 1994, that Ms. Carner was designated the primary custodial parent of the couple's two minor children, *35 and that Mr. Carner was ordered to pay $1,100.00 per month in child support.
Mr. Carner filed the motion for reduction in child support alleging that he had encountered a substantial change in circumstances because the parties' oldest child had reached the age of eighteen. At the hearing on the motion, Mr. Carner also testified that he had recently suffered financial losses related to his cattle and hay business. Following the hearing, the trial court reduced Mr. Carner's child support obligation to $875.00 per month. Additionally, in the judgment signed October 17, 1996, an income assignment order was included.
Mr. Carner now appeals that inclusion of the assignment order. As error, Mr. Carner assigns the following: 1) The trial court erred by including an immediate income assignment order in the judgment; and 2) The trial court erred in signing a judgment which does not conform to the substance of the judgment as rendered.

LAW

Assignment of Error Number 1
Mr. Carner first alleges that the trial court erred in signing a written judgment containing an immediate income assignment order. Mr. Carner contends that this order is erroneous because Ms. Carner prayed for the order neither in the pleadings nor at the trial. He further contends that La.R.S. 9:303 provides that the court does not have to require an income assignment order if "good cause" is shown. Mr. Carner alleges that this "good cause" was shown as there was no evidence which would indicate that he would likely become delinquent in his payments.
La.R.S. 9:303 provides, in part:
A. In all new child support orders after January 1, 1994, that are not being enforced by the Department of Social Services, the court shall include as part of the order an immediate income assignment unless there is a written agreement between the parties or the court finds good cause not to require an immediate income assignment.
B. For purposes of this Section:
....
(2) "Good cause" exists upon a showing by the respondent that any of the following exist:
(a) There has been no delinquency in payment of child support for the six calendar months immediately preceding the filing of the motion for modification of an existing child support order.
(b) The respondent is agreeable to a consent judgment authorizing an automatic ex parte immediate income assignment if he becomes delinquent in child support payments for a period in excess of one calendar month.
(c) The respondent is not likely to become delinquent in the future.
(d) Any other sufficient evidence which, in the court's discretion, constitutes good cause.
(Emphasis added).
We find that the statute clearly expresses mandatory inclusion of an income assignment order in child support orders issued after January 1, 1994. The present case came after that date and inclusion is, therefore, mandatory absent a showing by Mr. Carner that "good cause" exists and such an order should not be included. Further, as the inclusion is mandatory and parties have been put on notice of this requirement by the statute's very existence, it is not necessary for Ms. Carner to have requested such an order.
Mr. Carner argues that the instant matter is analogous to the Warlick v. Warlick, 27,389 (La.App. 2 Cir. 9/29/95); 661 So.2d 706. In Warlick, the second circuit found that the trial court did not err in failing to include an income assignment order as part of the support order. The second circuit held:
The record reflects that neither party requested an income assignment at the time of trial and, thus, appellant was not made, at that time, to show any of the factors listed in the above statute constituting good cause. The statute provides that the court does not have to require an immediate income assignment if good cause is shown. We conclude that the absence of any evidence in the record indicating *36 that Ms. Warlick is likely to become delinquent constitutes "good cause." Therefore, we decline to include an income assignment as part of the support order.
Id. at p. 10; 713.
We find the present case distinguishable from Warlick. In that case, the appellate court found that the trial court was reasonable in concluding, from the absence of any evidence indicating the possibility of delinquency, that good cause existed. Although not so stating, the second circuit apparently found that the trial court was within its discretion in finding that good cause existed. In the present case, we too find that the trial court did not abuse its discretion in finding that good cause had not been shown.
Our review of the record indicates that Mr. Carner put on no evidence relating to delinquency or timely payment of his obligation. La.R.S. 303(B)(2) clearly states that good cause exists "upon a showing by the respondent...." Therefore, Mr. Carner had the burden of proving that good cause existed. Absent any proof that he was unlikely to become delinquent, we do not find that the trial court abused its discretion in finding that good cause had not been shown. Accordingly, this assignment is without merit.

Assignment of Error Number 2
Mr. Carner next asserts that the trial court erred in signing a judgment which included an immediate income assignment order since the written reasons rendered on August 15, 1996 made no mention of the order. Mr. Carner argues that the trial court's failure to include the order in the written reasons constitutes an implicit finding that Ms. Carner is not entitled to the order.
La.Code Civ.P. art. 1918 provides:
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.
The first circuit found in Thurman v. Thurman, 521 So.2d 579, 581 (La.App. 1 Cir.1988) that:
Written reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment. Prior to final judgment, a trial judge may, at his discretion, change the substance or the result of interlocutory rulings. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir. 1980). If a disparity exists between the judgment and the written reasons for judgment, the final judgment is definitive. See Sanford v. Sanford, 468 So.2d 844 (La.App. 1st Cir.1985).
Given this clear jurisprudence, with which we agree, we find no error in the trial court's judgment. As such, this assignment is without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Harry Clark Carner.
AFFIRMED.
WOODARD, J., concurs in the result.