844 So.2d 352 (2003)
Jonathan DAVIS
v.
FARM FRESH FOOD SUPPLIER.
No. 2002 CA 1401.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
William R. Mustian, III, Metairie, for Plaintiff/Appellee, Jonathan Davis.
Gary "Ted" Chapman, Amite, for Defendant/Appellant, Farm Fresh Food Supplier, Inc.
Before: CARTER, C.J., WHIPPLE, and CIACCIO,[1] JJ.
CARTER, C.J.
Jonathon Davis worked for Farm Fresh Food Suppliers intermittently for four to five years and had been employed by them for six to eight months before the alleged accident at issue in this case. On February *353 21, 2001, Davis filed a claim with the OWC alleging that while making deliveries for Farm Fresh on January 18, 2001, some of the products inside his cargo truck shifted, causing him to crash into a ditch. Farm Fresh paid Davis no wage benefits or medical expenses. In addition to workers' compensation, Davis sought penalties and attorney fees pursuant to LSA-R.S. 23:1201F and LSA-R.S. 23:1208D. Farm Fresh denied that Davis sustained an injury and stated it did not know if Davis was performing services arising out of and in the course of his employment at the time of his alleged injury.
A trial on the matter was held on May 1, 2002. The OWC judge signed a judgment that included factual findings that Davis's injury was work-related and that he was entitled to temporary total disability benefits from January 18, 2001, through May 8, 2001, medical expenses, penalties, attorney fees, and civil penalties. However, the judgment also dismissed Davis's claim without prejudice. Ignoring the final decree of the judgment, Farm Fresh filed this suspensive appeal.
The May 13, 2002 judgment combines factual findings and written reasons with a final decree. That judgment states, in pertinent part:
IT IS ORDERED, ADJUDGED, AND DECREED that claimant Jonathan Davis was involved in a work-related accident on January 18, 2001;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Jonathan Davis is entitled to temporary total disability benefits from January 18, 2001 through May 8, 2001 at the rate of $201.77 per week;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Jonathan Davis is entitled to payment of medical expenses incurred with Dr. George Anthon in the amount of $3,865.00;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Jonathan Davis is entitled to penalties in the amount of $2,000.00 pursuant to La R.S. 23:1201(F);
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant Jonathan Davis is entitled to $5,000.00 in attorney fees pursuant to La R.S. 23:1201(F);
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that employer Farm Fresh Food Supplier has violated the provisions of La R.S. 23:1208(A);
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that employer Farm Fresh Food Supplier be and is hereby assessed a civil penalty of $5,000.00 pursuant to La. R.S. 23:1208(D);
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the above-captioned matter be dismissed without prejudice, all cost assessed against employer Farm Fresh Food Supplier.
Although each paragraph begins with "ORDERED, ADJUDGED, AND DECREED" language, the "judgment" makes no awards and grants no relief until the final two paragraphs, in which the court assesses a penalty against Farm Fresh yet dismisses Davis's claim. The preceding paragraphs simply recite the factual basis for and benefits to which Davis is entitled, as is commonly done in written reasons for judgment. Article 1918 of the Louisiana Code of Civil Procedure mandates that reasons for judgment be set out in an opinion separate from the judgment.[2] Appeals *354 are taken from judgments, not the reasons for judgment. Huang v. Louisiana State Board of Trustees, 99-2805, p. 5 & n. 3 (La.App. 1st Cir.12/22/00), 781 So.2d 1, 6 & n. 3.
Written reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment. Prior to final judgment, a trial court may, at its discretion, change the substance or the result of interlocutory rulings. If a disparity exists between the judgment and the written reasons for judgment, the final judgment is definitive. Sanford v. Sanford, 468 So.2d 844, 845 (La.App. 1st Cir.1985); Carner v. Carner, 97-0128, p. 5 (La.App. 3rd Cir.6/18/97), 698 So.2d 34, 36.
In this case, the factual findings and written reasons incorporated into the "judgment" are inconsistent and at odds with the language in the final two paragraphs. Our dilemma is that the reasons and judgment are all one document. While it appears the workers' compensation judge simply made a mistake in ordering dismissal of the Davis's claims after making findings that the Davis was entitled to workers' compensation benefits, medical benefits, and penalties, we have no way of knowing for certain. The one thing we do know for certain is that the decree dismisses Davis's claims.
Louisiana law requires that a valid judgment be precise, definite and certain. Laird v. St. Tammany Parish Safe Harbor, XXXX-XXXX, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365. This judgment containing reasons and a decree that contradict one another does not render a decision with legal certainty. It therefore lacks the quality of a thing adjudged. See Parkerson v. R-5, Inc., 305 So.2d 592, 595 (La.App. 4th Cir.1974), writ denied, 309 So.2d 679 (La.1975).[3] Because of this defect, we hereby vacate the judgment, dismiss the appeal without prejudice, and remand this case for further proceedings, including entry of a proper judgment in conformity with the evidence presented. Farm Fresh is cast for all costs of this appeal.
Once a new and proper judgment has been signed, a new appeal may be filed. Although in the normal course of events this would entail a considerable delay, in light of the goals of the Workers' Compensation Act to provide a speedy resolution to workers' compensation claims and a swift recourse for injured workers,[4] we hereby authorize either party to request that this case be placed on the first available docket once the record of the new appeal is lodged and briefs are filed.
JUDGMENT VACATED; APPEAL DISMISSED; REMANDED.
NOTES
[1] Hon. Philip Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note, however, that failure to set out the written reasons in a separate document does not necessarily render the judgment invalid. Country Club of Louisiana Property Owners Ass'n, Inc. v. Dornier, 96-0898, p. 13 (La.App. 1st Cir.2/14/97), 691 So.2d 142, 149.
[3] At oral argument, counsel for both parties stated this court could simply change the trial court's judgment to award benefits to Davis and then rule on the merits of the appeal. However, we are prohibited from modifying a judgment in favor of a party who has neither appealed nor answered the appeal. LSA-C.C.P. arts.2082 and 2133; Matthews v. Consolidated Cos., 95-1925, p. 1 (La.12/8/95), 664 So.2d 1191; TeleRecovery of Louisiana, Inc. v. Rayborn, XXXX-XXXX, p. 7 (La.App. 1st Cir.3/28/02), 814 So.2d 688, 693. The parties cannot thwart established judicial principles by stipulation. See Ring v. State, XXXX-XXXX, p. 8 n. 5 (La.1/14/03), 835 So.2d 423, 429 n. 5.
[4] See Rhodes v. Lewis, XXXX-XXXX, p. 8 (La.5/14/02), 817 So.2d 64, 69.