858 So.2d 598 (2003)
Charles W. JENKINS
v.
RECOVERY TECHNOLOGY INVESTORS.
No. 2002 CA 1788.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
William S. Marshall, Jr., Covington, Counsel for Plaintiff-Appellee, Charles W. Jenkins.
*599 Frank E. Brown, III, Baton Rouge, Counsel for Defendants-Appellants, Recovery Technology Investors and Louisiana Workers' Compensation Corporation.
Before: PARRO, MCDONALD, and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
Plaintiff, Charles W. Jenkins, filed a disputed claim for compensation against his employer, Recovery Technology Investors,[2] and Louisiana Workers' Compensation Corporation (LWCC). Judgment was rendered June 19, 1997, by Office of Workers' Compensation Judge (WCJ) Delos R. Johnson, Jr. against Recovery Technologists, Inc., ordering payment of weekly compensation benefits and medical expenses to the claimant, Charles W. Jenkins (Jenkins).[3] That judgment does not mention LWCC. The judgment further held that the defendant was not arbitrary, capricious, or without probable cause in handling the claim.
Subsequently, the defendant's insurer, LWCC, began making payments, but eventually converted the payments to monthly supplemental earnings benefits and several months later, unilaterally terminated payments altogether. After a trial before WCJ Elizabeth A. Warren, the following judgment, dated April 18, 2002, was rendered and signed:[4]
This matter came on for trial on the merits on April 3, 2002.
PRESENT WERE:
William S. Marshall, Jr., Esq. Attorney for/and Charles Jenkins
Frank E. Brown, III, Esq. Attorney for Recovery Technology Investors
After reviewing the applicable law, the entire record, the evidence introduced at trial; and after listening to the trial testimony, the court renders the following judgment:
IT IS ORDERED, ADJUDGED, AND DECREED that claimant is entitled to $3,000.00 in penalties pursuant to La. R.S. 23:1201(G) for LWCC's failure to pay benefits pursuant to the June 19, 1997 judgment, subject to a credit for any amount tendered by LWCC at or before trial;
IT IS ORDERED, ADJUDGED, AND DECREED that claimant is entitled to $2,000.00 in penalties pursuant to La. R.S. 23:1201(E) and (F) for LWCC's failure to timely reimburse claimant's counsel for Dr. Mark Hontas' $99.00 bill incurred on January 21, 2001, subject to a credit for any amount tendered by LWCC at or before trial;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant is entitled to $16,000.92 in back benefits from date of termination through trial, subject to a credit for any amount tendered by LWCC at or before trial;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant *600 is entitled to $876.13 in interest on the back due compensation;
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant is entitled to weekly benefits in the amount of $205.14 until such time as modification is appropriate under La. R.S. 23:1310.8.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that claimant is entitled to a total of $10,000.00 in attorney fees pursuant to La. R.S. 23:1201(F) and (G) and La. R.S. 23:1201.2.
READ RENDERED AND SIGNED this 18th day of April 2002 in Covington, Louisiana.
While the judgment contains decretal language, it does not order the payment of money, and it does not identify the defendant who is cast in judgment. The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. See Scott v. State of Louisiana, 525 So.2d 689, 691 (La.App. 1st Cir. 1988), writ denied, 558 So.2d 1128 (La. 1990).
A valid judgment must be precise, definite and certain. Laird v. St. Tammany Parish Safe Harbor, XXXX-XXXX, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; Davis v. Farm Fresh Food Supplier, XXXX-XXXX, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter v. Williamson Eye Center, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.
In the present case the employer is identified in the caption of the judgment as "Recovery Technology Investors," although its proper name may be "Recovery Technologists, Inc.," as shown in the original judgment of June 19, 1997. While the April 18, 2002 judgment, which is presently before us, mentions the failure of LWCC to pay benefits, LWCC was not mentioned in the June 19, 1997 judgment. It is not clear from the 2002 judgment whether penalties and attorney fees are cast against LWCC or against the defendant named in the caption of the case, or any defendant at all. It merely recites that the plaintiff is entitled thereto. Thus, the judgment in this case is not a final appealable judgment.
Since this court lacks jurisdiction in the absence of a final appealable judgment, the appeal is dismissed and the matter is remanded for reformation of the judgment. Once a proper judgment has been signed, a new appeal may be filed. Although in the normal course of events this would entail considerable delay, in light of the goals of the Workers' Compensation Act to provide a speedy resolution to workers' compensation claims, we hereby authorize either party to request that this case be placed on the first available docket once the record of the new appeal is lodged and briefs are filed. See Davis v. Farm Fresh Food Supplier, XXXX-XXXX at p. 4, 844 So.2d at 354.
APPEAL DISMISSED AND REMANDED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] The names "Recovery Technology Investors" and "Recovery Technologists, Inc." are used interchangeably in the record, sometimes in the same document.
[3] The amount to be paid as medical expenses is not mentioned in the judgment, but otherwise the judgment is enforceable.
[4] La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers' compensation district from which the appeal was taken and the name of the WCJ who rendered the judgment. The WCJ was Honorable Elizabeth A. Warren of the Office of Workers' Compensation Administration, District 06.