928 So.2d 751 (2006)
Marcel TAYLOR
v.
Patrick J. BRANDNER, Individually, and as Trustee of the Patrick J. Brandner Trust, Jed D'Arensbourg, Peter J. Fennel, Individually, and as Trustee of the Peter J. and Ruth's K. Fennel Trust R-501, Barbara Lawler, T-Fab, Inc. and Ruth's Chris Steak House Franchise, Inc.
No. 05-CA-970.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
Rehearing Denied May 18, 2006.
*752 Edward R. Kohnke, IV, Joseph N. Mole, Ann Marie LeBlanc, Frilot, Partridge, Kohnke, & Clements, L.C., New Orleans, Louisiana, Patrick J. Fanning, Attorney at Law, Gretna, Louisiana, Donald J. Campbell, Campbell & Williams, Las Vegas, Nevada, for Plaintiff/Appellee-Second Appellant.
Robert A. Vosbein, Mark R. Beebe, Elizabeth A. Roussel, Adams and Reese LLP, New Orleans, Louisiana, Steven W. Copley, Ernest E. Svenson, Phillip J. Antis, Jr., Gordon, Arata, McCollam, Duplantis & Eagan, L.L.P., New Orleans, Louisiana, Thomas E. O'Keefe, Heathrow, Florida, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiff/appellee, Marcel Taylor, a resident of Las Vegas, brought the instant action seeking declaratory and injunctive relief against defendants, shareholders of T-Fab, Inc., a Nevada corporation, of which Taylor is both director and president, and Ruth's Chris Steak House Franchise, Inc., a Louisiana corporation. Defendants appeal from a trial court ruling that determined Taylor to be the sole franchisee in two separate contracts executed between Taylor and Ruth's Chris Steak House Franchise, Inc., which were also signed by Taylor in his capacity as a representative of T-Fab. Taylor appeals from a trial court judgment that granted a Motion to Strike Affidavit in favor of Ruth's Chris Steak House Franchise, Inc. For the following reasons the judgment of the trial court is affirmed.
On July 1, 1989, Marcel Taylor (hereinafter referred to as "Taylor"), after ongoing negotiations with Ruth's Chris Steak House Franchise, Inc. (hereinafter referred to as "RCSH"), executed an option to open a Ruth's Chris restaurant franchise on Paradise Road in Las Vegas, Nevada. In order to raise capital for the venture, Taylor assembled a group of investors into a Nevada corporation named T-Fab, Inc. (hereinafter referred to as "T-Fab"). Current shareholders of T-Fab, in addition to Taylor, are Patrick J. Brandner, individually and as Trustee of the Patrick J. Brandner Trust; Jed D'Arensbourg; Peter J. Fennel, individually and as Trustee of the Peter J. and Ruth K. Fennel Trust R-501; and Barbara Lawler (hereinafter referred to as the "T-Fab Investors"). In the July 1, 1989 agreement, Taylor signed individually and in his capacity as president of T-Fab. The agreement, in relevant part, provided:
THIS AGREEMENT is made on this 1st day of July, 1989, between RUTH'S CHRIS STEAK HOUSE FRANCHISE, INC., a Louisiana Corporation, with its principal office located at 711 North Broad Street, New Orleans, Louisiana 70119, (the "Franchisor"), and T-FAB, INC., a Nevada corporation organized under the laws of the State of Nevada, with its principal office located at 3900 Paradise Road, Las Vegas, Nevada 89101 and W. MARCEL TAYLOR (the "Franchisee") [.]
(Emphasis added.)
On November 23, 1993, a second franchise agreement was executed between the *753 parties for another Las Vegas location on Flamingo Road. Once again, the language in the agreement provided:
THIS AGREEMENT is made on this 23rd day of November, 1993, between RUTH'S CHRIS STEAK HOUSE FRANCHISE, INC., a Louisiana Corporation, with its principal office located at 711 North Broad Street, New Orleans, Louisiana 70119, (the "Franchisor"), and T-FAB, INC., a Nevada corporation organized under the laws of the State of Nevada, with its principal office located at 3900 Paradise Road, Las Vegas, Nevada 89109[sic] and W. MARCEL TAYLOR (the "Franchisee").

(Emphasis added). Both agreements provided that any disputes arising under the contract would be governed by Louisiana law.
After relations between Taylor and the T-Fab investors apparently began to grow contentious over time, on December 28, 2004, Taylor brought the instant action in the Twenty-Fourth Judicial District Court for the Parish of Jefferson in order to have a determination made as to the identity of the "franchisee" in the two separate contracts at issue. Taylor further sought injunctive relief against the T-Fab investors, prohibiting them from "engaging in any activity in violation of Marcel Taylor's exclusive rights under the Franchise Agreements."
Thereafter, both Taylor and T-Fab filed cross Motions For Summary Judgment, with each seeking to be declared "franchisee" under the contracts with RCSH. Following a hearing on May 27, 2005, the trial court granted Taylor's Motion for Summary Judgment, denied T-Fab's cross Motion for Summary Judgment, and further granted a Motion to Strike Affidavit filed on behalf of RCSH.
T-Fab has filed the present appeal contesting the trial court's summary judgment in favor of Taylor. Taylor has filed an appeal contesting the judgment that granted a Motion to Strike Affidavit in favor of Ruth's Chris Steak House Franchise, Inc.

LAW AND ARGUMENT
On appeal, T-Fab asserts that the trial court erred in allowing extrinsic evidence about the intent of the parties to the contracts at issue and in finding that Taylor was the sole franchisee under the two agreements.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3] There must be a "genuine" or "triable" issue on which reasonable persons could disagree.[4] Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show "that *754 there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A material fact is one that would matter on the trial of the merits.[5]
In Kappa Loyal, L.L.C. v. Plaisance Dragline & Dredging Co., Inc.,[6] this Court summed up the law on interpretation of contracts:
We are obligated to give legal effect to contracts according to the true intent of the parties. LSA-C.C. art. 2045. The true intent of the parties to a contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. LSA-C.C. art. 2046. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046. In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. LSA-C.C. art. 1848. Contracts, subject to interpretation from the instrument's four corners without the necessity of extrinsic evidence, are to be interpreted as a matter of law, and the use of extrinsic evidence is proper only where a contract is ambiguous after an examination of the four corners of the agreement. In cases in which the contract is ambiguous, the agreement shall be construed according to the intent of the parties. Intent is an issue of fact which is to be inferred from all of the surrounding circumstances. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties. LSA-C.C. art. 2053. Whether a contract is ambiguous or not is a question of law. Where factual findings are pertinent to the interpretation of a contract, those factual findings are not to be disturbed unless manifest error is shown.
(Footnote with citations omitted.)
Furthermore, "In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." LSA-C.C. art. 2056.
In the present case, the language of the contracts at issue, in relevant part, stated:
THIS AGREEMENT is made ... between RUTH'S CHRIS STEAK HOUSE FRANCHISE, INC., a Louisiana Corporation, with its principal office located at 711 North Broad Street, New Orleans, Louisiana 70119, (the "Franchisor"), and T-FAB, INC., a Nevada corporation organized under the laws of the State of Nevada, with its principal office located at 3900 Paradise Road, Las Vegas, Nevada 89109[sic] and W. MARCEL TAYLOR (the "Franchisee") [.]
(Emphasis added.)
In its Reasons For Judgment, the trial court, in relevant part, stated:
Both restaurants have been very successfully run by Mr. Taylor through T-Fab, Inc. since their inception. Suddenly, two of the shareholders of T-Fab have attempted to wrestle control of the *755 restaurants from Taylor which has precipitated the initiation of the instant case.
....
The sole issue decided by this Court is the identity of the franchisee under the Franchise Agreements. Counsel for all parties have agreed that the Franchise Agreements are clear and unambiguous. It is the opinion of this Court that the language in the two agreements clearly designate Marcel Taylor as the sole Franchisee.
In examining the wording of the agreements, the word "Franchisee" is written in the singular and appears in parenthesis only after Taylor's name. Had it been the intention of the parties to the agreement to have more than one franchisee, the word would have been written in the plural or the word franchisee would have been written behind both names. Accordingly, it is the determination of this Court that the intent of the parties to the Franchise Agreements was that Marcel Taylor was to be the sole franchisee.
T-Fab first asserts that, although the trial court stated in its Reasons For Judgment it found that the language of the Franchise Agreements is unambiguous, it erred in allowing its ruling "to be influenced by extrinsic evidence and its beliefs about the subjective intent of the parties to the agreements." Specifically, T-Fab points to two sections of the judgment wherein the trial court stated that T-Fab was attempting to "wrestle control" of the restaurants from Taylor and that "the intent of the parties to the Franchise Agreement was that Marcel Taylor was to be the sole franchisee."
As noted by the First Circuit in the case of Davis v. Farm Fresh Food Supplier[7]:
Written reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment. Prior to final judgment, a trial court may, at its discretion, change the substance or the result of interlocutory rulings. If a disparity exists between the judgment and the written reasons for judgment, the final judgment is definitive. Sanford v. Sanford, 468 So.2d 844, 845 (La.App. 1st Cir.1985); Carner v. Carner, 97-0128, p. 5 (La.App. 3rd Cir.6/18/97), 698 So.2d 34, 36.
In the present case, the trial court wrote in the Judgment itself:
After considering the arguments of counsel and the applicable law, it is the opinion of this Court that there should be judgment in favor of plaintiff, Marcel Taylor. The Court agrees with all counsel that the Franchise Agreements are clear and unambiguous, and that a reading of the contracts as written leads to no absurd consequences. Thus, this Court finds that Marcel Taylor is the sole franchisee under the agreements....
To the extent that the trial court, in its Reasons For Judgment, may have tracked the language of the pleadings of the parties, or phrased its finding of fact regarding the identity of the franchisee under the contract to be the "intent" of the parties, its reasons for granting summary judgment are consistent in both the Judgment and the Reasons For Judgment. Specifically, the trial court found the unambiguous language of the contract led to the conclusion that Marcel Taylor was the sole franchisee under the agreement. In our review of both the Judgment and the Reasons For Judgment, we find no merit in defendant's argument that the trial court made its ruling based on extrinsic factors.
*756 T-Fab next assigns as error the trial court's interpretation of the contract at issue, which held that Taylor was the sole franchisee.
This Court has previously noted that when appellate review is not premised on any factual findings made by the trial court but is based upon an independent review and examination of the contract on its face, the manifest error rule is inapplicable. In such cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect.[8]
Based upon our independent review of the contracts at issue, we first find, as the parties contend, that the language of the franchise agreements is unambiguous and, therefore, does not require us to consider extrinsic evidence in support of the parties' intent. The true intent of the parties to a contract is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences.[9] We further affirm the trial court in finding that the two franchise contracts, on their faces, clearly designate Taylor as the sole franchisee under the agreements.
Because of this holding, we will pretermit discussion of Taylor's sole assignment of error.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed. Each party is to bear its own cost on appeal.
AFFIRMED.
NOTES
[1] Bua v. Dressel, 96-79 (La.App. 5 Cir. 5/28/96), 675 So.2d 1191, writ denied, 96-1598 (La.9/27/96), 679 So.2d 1348 (citing Reynolds v. Select Prop., Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180).
[2] Tassin v. City of Westwego, 95-307 (La.App. 5 Cir. 12/13/95), 665 So.2d 1272.
[3] Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
[4] Id. at 1008.
[5] J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305.
[6] 03-124 (La.App. 5 Cir. 6/19/03), 848 So.2d 765, 769, writ denied, 2003-2348 (La.12/12/03), 860 So.2d 1154.
[7] XXXX-XXXX (La.App. 1 Cir. 3/28/03), 844 So.2d 352, 354.
[8] T.L. James & Co., Inc. v. Sam's Truck Serv., Inc., 03-1470 (La.App. 5 Cir.5/26/04), 875 So.2d 977.
[9] LSA-C.C. art. 2046.