JOHN ALLEN RICKS AND RITA JEAN RICKS, INDIVIDUALLY, AND ON BEHALF OF THEIR MINOR CHILD, JENNIFER B. RICKS
v.
KENTWOOD OIL COMPANY, INC., WADE AND WANDA ROYALS, CARYN DIDDON, JIMMY TATE, MITCHELL McINTYRE, AND GERALD DAVIS.
LEO RICKS
v.
KENTWOOD OIL COMPANY, INC., WADE AND WANDA ROYALS, CARYN DIDDON, JIMMY TATE, MITCHELL McINTYRE, AND GERALD DAVIS.
No. 2007 CA 2445,
Consolidated with No. 2007 CA 2446
Court of Appeals of Louisiana, First Circuit.
September 9, 2008.
LEWIS UNGLESBY, ROBERT M. MARIONNEAUX, JR., Attorneys for Plaintiffs/Appellees, John Allen Ricks and Rita Jane Ricks
EDWARD A. RODRIGUE, Jr. Attorney for Defendant/Appellant, United States Fidelity and Guaranty Company
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
In these consolidated suits for personal injury and property damages caused by a gasoline leak, United States Fidelity and Guaranty Company ("USF&G") appeals a judgment of the trial court rendered in favor of the plaintiffs.

FACTS
USF&G issued Kentwood Oil seven general liability insurance policies covering the period of April 12, 1986, through April 12, 1993. Kentwood Oil was a bulk distributor of gasoline, which supplied the gasoline that was sold at the Bolivar Grocery Store and was stored in a 1000-gallon underground storage tank ("UST") located adjacent to the store. In 1986, Louisiana's Department of Environmental Quality ("DEQ") initiated a program requiring the registration of every UST. Kentwood Oil registered the UST at the Bolivar Grocery site, listing itself as owner. Kentwood Oil went out of business in 1993. The UST was removed at some later date.
In 2000, John Allen Ricks, his wife Rita Jean Ricks, and their daughter Jennifer (the Rickses),[1] who live approximately 900 feet south of the Bolivar Grocery Store, discovered that their private residential water well was contaminated with constituents of gasoline, including methyl tertiary-butyl ether (MTBE) and benzene. DEQ's investigation indicated that the source of contamination was the area adjacent to Bolivar Grocery that had been the hold of the UST. The Rickses stopped using the well water when they learned of its contamination in 2000, but were likely exposed to the gasoline contaminants for a period of one year. Leo Ricks (John Ricks's father), whose property neighbors the Rickses, learned through the DEQ investigation that the plume of contamination encompassed a portion of his property, although his private residential water well was not affected.
The Rickses instituted suit against former and current owners and operators of Bolivar Grocery, as well as Kentwood Oil, seeking damages for their pain, suffering, fear of developing cancer, and property damage. They later added USF&G as a defendant. Prior to trial, the Rickses settled with and released all defendants from the litigation with the exception of USF&G.
Leo Ricks instituted a separate suit against multiple defendants, including Kentwood Oil, seeking damages for diminution in property value, trespass, and for restoration of his property to its original condition by full and complete remediation and cleanup. Leo Ricks also sought punitive damages against the defendants for the defendants storing, handling, and transporting hazardous substances (i.e., gasoline) onto his property. Leo Ricks did not add USF&G as a defendant.
The two suits were consolidated, and the matter proceeded to a bench trial. The trial court issued written reasons for judgment, then rendered and signed the following judgment, bearing the caption of each of the consolidated cases, which identifies the defendants as "KENTWOOD OIL COMPANY INC., ET AL" and provides, in part:
JUDGMENT
This cause came on for trial pursuant to regular assignment. Present: Robert M. Marionneaux, Jr., Counsel for Plaintiffs, and Edward A. Rodrigue, Jr., Counsel for Defendant. At the trial, the parties adduced their evidence. At the conclusion of the trial, the matter was left open for post-trial briefing, and thereafter taken under advisement by the Court.
Considering [the] entire record in this proceeding, the testimony and other evidence adduced, the arguments and memoranda of counsel, and for written reasons this day assigned:
IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment rendered in these proceedings in favor of Plaintiffs and against Defendant, in the following amounts:

 To John Allen Ricks  $150,000.00
 To Rita Jane Ricks  $75,000.00
 To Jennifer B. Ricks  $150,000.00
 To Leo Ricks  $25,000.00

All awards are to bear legal interest from date of judicial demand until paid. Defendant is assessed all costs of this proceeding.
USF&G now appeals.

APPELLATE JURISDICTION
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. It is the duty of a reviewing court to examine subject matter jurisdiction sua sponte, even if the issue is not raised by the parties. State ex rel. K.S., 07-1045 (La. App. 1 Cir. 11/2/07), 977 So.2d 35, 39.
This court's appellate jurisdiction extends only to final judgments. LSA-C.C.P. art. 2083; Carter v. Williamson Eye Center, 01-2016 (La. App. 1 Cir. 11/27/02), 837 So.2d 43, 44. A valid final judgment must be precise, definite and certain. Laird v. St. Tammany Parish Safe Harbor, 02-0045, 02-0046 (La. App. 1 Cir. 12/20/02), 836 So.2d 364, 365. It must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See Carter, 837 So.2d at 44.
Although the judgment before us contains decretal language, it does not identify which of the multiple defendants involved in the consolidated suits was cast in judgment. The failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. Jenkins v. Recovery Technology Investors, 02-1788 (La. App. 1 Cir. 6/27/03), 858 So.2d 598, 599.
The sound basis for the requirement that a judgment name the defendant against whom it is rendered is especially evident in this appeal, taken from a single judgment rendered in consolidated suits involving different parties. The only indication of the identity of the defendant cast in judgment that appears on the judgment itself is the introductory language reflecting that the only counsel present at trial representing a defendant was Mr. Rodrigue. The record in this matter does reflect that Mr. Rodrigue represented USF&G. However, to be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the party cast and the amount owed without reference to other documents in the record. See Vanderbrook v. Coachmen Industries, Inc., 01-0809 (La. App. 1 Cir. 5/10/02), 818 So.2d 906, 913-914.
After this appeal was submitted for decision, the Rickses and Leo Ricks filed with this court a motion to remand to allow the trial court to amend its judgment in accordance with LSA-C.C.P. art. 1951. USF&G opposed the motion. After considering the timeliness of the motion, the procedural ramifications of granting such a motion, as well as the plain language of LSA-C.C.P. art. 1951, we decline to exercise our supervisory jurisdiction to remand this matter for the entry of a new judgment.

CONCLUSION
Because the trial court's judgment is fatally defective, we hereby vacate the judgment, dismiss the appeal without prejudice, and remand this case for further proceedings, which are to be conducted expeditiously and by preference, and should include entry of proper judgments. Thereafter, a new appeal may be filed. Although in the normal course of events this would entail further delay, we hereby authorize any party to request that this case be placed on the next available docket once the record of the new appeal is lodged and briefs are filed.
Costs of this appeal are assessed to United States Fidelity and Guaranty Company.
JUDGMENT VACATED; APPEAL DISMISSED; REMANDED.
NOTES
[1] Throughout this report, "the Rickses" refers to John Allen Ricks, Rita Jean Ricks, and Jennifer Ricks, who are the plaintiffs in the first of the consolidated suits. Leo Ricks, the plaintiff in the second suit, will be referred to separately by his full name.