NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1029

PLASTIC SURGERY ASSOCIATES
VERSUS
THE NACHER CORPORATION

**********
APPEAL FROM THE
WORKERS' COMPENSATION COURT
DISTRICT 4
PARISH OF LAFAYETTE, NO. 06-02306
HONORABLE ADAM JOHNSON, JUDGE

**********

**BILLY H. EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

MOTION TO DISMISS APPEAL DENIED.
APPEAL DISMISSED AND REMANDED.

Larry Curtis
300 Rue Beauregard, Building C
Lafayette, LA 70598
(337) 235-1825
COUNSEL FOR PLAINTIFF/APPELLANT:
    Plastic Surgery Associates

Mark L. Clark
Mathew L. Stedman
Brown Sims, P.C.
Poydras Center, Suite 2200
650 Poydras Street
New Orleans, LA 70130
(504) 638-8472
COUNSEL FOR DEFENDANT/APPELLEE:
    The Nacher Corporation

EZELL, Judge.

The Defendant-Appellee, The Nacher Corporation, moves to dismiss this devolutive appeal on the ground that the appeal was not filed timely. For the reasons given herein, we deny the motion to dismiss. However, we hereby dismiss this appeal on other grounds and remand this matter to the trial court for clarification.

In this workers' compensation case, the court granted the Defendant's exception of subject matter jurisdiction on April 13, 2011. We note that although the trial court's written ruling grants the exception, it does not dismiss the Plaintiff's action. Notice of judgment was sent by certified mail on April 14, 2011. The Plaintiff filed a motion and order of appeal of this ruling on June 22, 2011. The court signed the appeal order on June 28, 2011. The appeal was lodged in this court on August 23, 2011. On August 31, the Defendant filed a motion to dismiss the appeal.

In its motion to dismiss the appeal, the Defendant asserts that Plaintiff's appeal was filed untimely pursuant to La.R.S. 23:1310.5, the statute which applies to this workers' compensation case. Instead, upon examining the trial court's judgment in this case, we find that the judgment is insufficient for this court's review. The judgment grants the exception of subject matter jurisdiction, but fails to either dismiss the Plaintiff's claim or allow amendment of the claim pursuant to La.Code Civ.P. art. 932.

In *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146, *citing Jenkins v. Recovery Technology Investors*, 02-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d, 598, 600, this court stated:

> A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; *Davis v. Farm Fresh Food Supplier*, 2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable

> judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

In the instant case, we find that the trial court's judgment is not clear in the relief that it is granting. Therefore, without a definitive ruling from the trial court, the judgment at issue does not constitute a final appealable judgment, and this court lacks jurisdiction to review this matter. Accordingly, we dismiss this appeal and remand this matter to the trial court for reformation of the judgment. In addition, our finding renders moot the Defendant's motion to dismiss appeal as untimely. In the event that an appropriate judgment is obtained, a new appeal may be filed at that time.

**MOTION TO DISMISS APPEAL DENIED.**
**APPEAL DISMISSED AND REMANDED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.