NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1266

MICHAEL L. GLASS

VERSUS

CITY OF OBERLIN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2011-198
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY H. EZELL**

**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED.**

**Errol David Deshotels**
**Deshotels, Mouser & Deshotels**
**Post Office Box 399**
**Oberlin, LA 70655-0399**
**(337) 639-4309**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**City of Oberlin**

**Wilbert Joseph Saucier, Jr.**
**Attorney at Law**
**2220 Shreveport Highway**
**Pineville, LA 71360**
**(318) 473-4146**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Michael L. Glass**

**EZELL, Judge.**

This court issued a rule ordering the Plaintiff-Appellant, Michael L. Glass, to show cause why his appeal should not be dismissed as having been taken from a non-appealable interlocutory order. The Plaintiff has filed a response to the rule to show cause. For the reasons given below, we hereby dismiss this appeal.

In this case, the Plaintiff filed suit against the City of Oberlin alleging that he was illegally convicted of speeding by the Mayor of Oberlin. The Defendant filed an exception of no cause of action. The judgment at issue granted the Defendant's exception of no cause of action, but failed to either dismiss the Plaintiff's claim or allow amendment of the claim pursuant to La.Code Civ.P. art. 934. Therefore, we find that this judgment is insufficient for this court's review.

In *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146, *citing Jenkins v. Recovery Technology Investors*, 02-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600, this court stated:

> A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; *Davis v. Farm Fresh Food Supplier*, 2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

In the instant case, we find that the trial court's judgment is not clear in the relief that it is granting. Therefore, without a definitive ruling from the trial court, the judgment at issue does not constitute a final appealable judgment, and this court lacks jurisdiction to review this matter. Accordingly, we dismiss this appeal and remand this matter to the trial court for reformation of the judgment. In the event that an appropriate judgment is obtained, a new appeal may be filed at that time.

**APPEAL DISMISSED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.