GUIDRY, J.,
dissenting.
|!Although the majority finds the judgment appealed to be a final judgment, I disagree with that conclusion. The judgment appealed contradictorily recites that the matter came before the trial court as a ruling on a motion for summary judgment filed by only two of the three named defendants, namely Carol Kinchen and Louisiana Farm Bureau Casualty Insurance Company, but then in the judgment decree it is stated:
IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Defendants be and the same is hereby granted, and accordingly Plaintiffs suit against the Defendants is hereby dismissed with prejudice at the plaintiffs costs. [Emphasis added.]
Hence, by the plain language of the decree, the trial court dismissed the plaintiffs claims against all three of the named defendants, which would include Jason Wells. The majority, however, interprets this same language to find that the trial court only dismissed Kinchen and Farm Bureau. These contrary interpretations of the decree plainly support a finding that the judgment is ambiguous and therefore defective. As such, I do not believe that the judgment is a final judgment over | ¡.which this court should exercise appellate jurisdiction. See Davis v. Farm Fresh Food Supplier, 02-1401, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 352, 353; Laird v. St. Tammany Parish Safe Harbor, 02-0045, p. 3 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Hence, I believe the appeal should be dismissed, and to the extent the majority determines otherwise, I respectfully dissent.