STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0141

GERALD WAYNE MIZELL AND PAMELA MIZELL HELTON

VERSUS

BOBBY JOE WILLIS AND JAMES E. WILLIS

Judgment Rendered: __NOV 1 5 2019__

********

Appealed from the 22nd Judicial District Court
in and for the Parish of Washington
Case No. 110744

The Honorable Reginald T. Badeaux, III, Judge Presiding

********

| | |
|---|---|
| Richard W. Watts<br>Franklinton, LA | Counsel for Appellants<br>Defendants/Petitioners-in-<br>reconvention/Third-party plaintiffs<br>Bobby Joe Willis and James E.<br>Willis |
| William H. Arata<br>Bryan A. Harris<br>Bogalusa, LA | Counsel for Appellees<br>Plaintiffs/Defendants-in-<br>reconvention<br>Gerald Wayne Mizell, Pamela<br>Mizell Helton<br><br>Counsel for Appelle<br>Third-party defendant<br>Charles Blackwell |

********

BEFORE: HIGGINBOTHAM[1], PENZATO, AND LANIER, JJ.

---

[1] Judge Toni Manning Higginbotham was not present at oral argument of this case; however, she participated in deliberations via a recording of the hearing.

**LANIER, J.**

In the instant case, Bobby Joe Willis and James E. Willis ("the Willis brothers"), challenge the trial court's October 24, 2018 judgment, which purported to dismiss, with prejudice, their reconventional and third-party demand against Gerald Wayne Mizell, et al.[2] For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

According to the record, Gerald Wayne Mizell and Pamela Mizell Helton, and the Willis brothers own adjoining tracts of land in Washington Parish (the "Mizell" and "Willis" tracts). There is a gravel road running in a north/south direction along the western edge of the Mizell and Willis tracts, which the Willis brothers allege they have used for in excess of 30 years to access their property. A dispute arose in 2016 when a fence was built across the road, blocking the Willis brothers' use of the road. The Mizells filed suit for partition in kind of the property they co-owned with the Willis brothers. In response, the Willis brothers filed a reconventional and third-party demand, seeking restoration of their right of passage along the road. Named in this demand as third-party defendants were Charles Guy Blackwell and Lylia D. Blackwell. The Mizells were named as defendants-in-reconvention. The Willis brothers alleged that the road had been "consistently maintained" by them and "used on a daily basis" by them until the fence was constructed in November 2016. They asserted further that the road had been in existence for well over 30 years and was at one time maintained by the governing body of Washington Parish.

The matter proceeded to a bench trial on August 16, 2018, at which time various documents were introduced into evidence and the trial court heard from

---

[2] The underlying suit, a petition for partition in kind of a tract of land measuring approximately 33 acres, filed by the Mizells, was settled prior to the trial of this matter. The parties reached an agreement as to partitioning of the property such that Willis brothers were granted ownership of seven acres of land.

numerous witnesses regarding the road in question. At the conclusion of the trial, the trial court took the matter under advisement. The trial court issued written reasons for judgment on October 24, 2018, concluding that the Willis brothers had not met their burden of proof under La. R.S. 48:491 and that the road was not a public road. On October 24, 2018, the trial court singed a judgment as follows:

> **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the reconventional and third-party demand by petitioner-in-reconvention Bobby Joe Willis, ET AL against defendant-in-reconvention Gerald Wayne Mizell, ET AL be **DISMISSED** with prejudice.
>
> **IT IS FURTHER ORDERED** that the costs associated with this proceeding be assessed to petitioner-in-reconvention, Bobby Joe Willis, ET AL.
>
> This is a final and appealable Judgment pursuant to La. C.C.P. art. 1915.

It is from this judgment that the Willis brothers have appealed, arguing that the trial court erred (1) in finding that the road had not been publicly maintained in accordance with La. R.S. 48:491 and (2) in failing to find the Willis brothers had provided "sufficient proof to establish ownership of a servitude of passage acquired by [30 years acquisitive] prescription."

## RULE TO SHOW CAUSE

On July 24, 2019, this court, *ex proprio motu*, issued a rule to show cause in this matter on the grounds that the judgment on appeal was ambiguous in that the court was "unable to discern what specific relief [was] granted to which particular parties." Both sides filed briefs in response to this court's show cause order.

The Willis brothers contend that although the judgment "may not have been drafted as artfully or precisely as a reviewing court may wish, the effect of the judgment is perfectly clear: Gerald Wayne Mizell, Pamela Mizell Hilton, Charles Guy Blackwell and Lydia D. Blackwell won. Bobby Joe Willis and James E. Willis lost." They request that either the show cause order be dismissed or that the

3

case "be remanded to the trial court for the limited purpose of supplying a suitable judgment with the appropriate decretal language for consideration" by this court.

The Mizells and Charles Blackwell argue that the judgment is not a final and appealable judgment because it fails to name all of the parties in whose favor the judgment is rendered and all the parties against whom the judgment is ordered. Moreover, they point out that because the judgment requires reference to extrinsic evidence to discern the trial court's ruling, the judgment lacks the decretal language necessary to vest this court with appellate jurisdiction.

## SUBJECT MATTER JURISDICTION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. **Gaten v. Tangipahoa Parish School System**, 2011-1133 (La. App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074. This court's appellate jurisdiction extends only to "final judgments." See La. Code Civ. P. art. 2083(A); **Rose v. Twin River Development, LLC**, 2017-0319 (La. App. 1 Cir. 11/1/17), 233 So.3d 679, 683. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La. Code Civ. P. art. 1841. A valid judgment must be precise, definite, and certain; must contain decretal language; and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Gaten**, 91 So.3d at 1074. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc).

The October 24, 2018 judgment sought to be appealed herein contains the Latin phrase "*et al*" when referring to the parties both in the caption of the judgment and in the actual body of the judgment itself. In cases with multiple

4

plaintiffs or defendants, the failure to name the plaintiff(s) or defendant(s) for or against whom the judgment is rendered makes the judgment fatally defective because one cannot discern from its face for or against whom it may be enforced. See **Jenkins v. Recovery Technology Investors**, 2002-1788 (La. App. 1 Cir. 6/27/03), 858 So.2d 598, 600; but cf. **Micken v. DHC OPCO-Napoleonville, LLC**, 2018-0140 (La. App. 1 Cir. 11/2/18) 2018 WL 5732482, *2 (unpublished) (because plaintiff was clearly identified in the caption and body of the judgment as the only plaintiff in the case, judgment was found to contain sufficient decretal language even though it did not specify that plaintiff had filed the action against the defendants or that the judgment was rendered against her). Thus, because the judgment lacks sufficient decretal language, ascertainable from the four corners of the order or judgment, the ruling on which this appeal is based is not a final appealable judgment. In the absence of appropriate decretal language, the judgment is defective and cannot be considered a final judgment for purposes of appeal, notwithstanding the trial court's certifying it as such. Thus, we are constrained to find that this court lacks appellate jurisdiction to review this matter, and the appeal must be dismissed.[3] See **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046-1047.

---

[3] Although this court could consider converting this matter to an application for supervisory writs, we decline to do so. The decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules, Courts of Appeal, Rule 4-3 and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. However, when the jurisdictional defect lies in the non-finality of a judgment (as opposed to an appeal from an interlocutory judgment), an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal. In such cases, an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. This is because in the absence of proper decretal language, the judgment is defective, and this court lacks jurisdiction to review the merits, even if we were to convert the matter to an application for supervisory writs. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc., v. Bridges**, 2015-0393 (La. App. 1 Cir. 12/23/15), 2015 WL 9435285, *3-4 (unpublished).

## CONCLUSION

For the foregoing reasons, we dismiss the appeal of the October 24, 2018 judgment. Costs of this appeal are assessed against appellants, Bobby Joe Willis and James E. Willis.

**APPEAL DISMISSED.**