# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 11-936

**DEREK PAGE**

**VERSUS**

**H. COOKIE BENSON, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20094470
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.

**APPEAL DISMISSED AND REMANDED.**

John Paul Charbonnet
The Glenn Armentor Law Corp.
300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
     Derek Page

**Kevin Wade Trahan**
**Valerie Guidry**
**Ottinger, Hebert, etc.**
**Post Office Drawer 52606**
**Lafayette, LA 70505-2606**
**(337) 232-2606**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
>    **Sterling Grove Housing Development, Inc.**
>    **C. S. Management, Inc.**
>    **Bobby Benson**
>    **H. Cookie Benson**
>    **Monica Roger**
**Sterling Grove Housing Development, Inc. d/b/a Ed Washington Place Apartments**

**DECUIR, Judge.**

Upon the lodging of the record in this appeal, this court issued a rule to show cause, on its own motion, ordering the plaintiff-appellant, Derek Page, to show cause why this appeal should not be dismissed as having been taken from a partial judgment which has not been designated as immediately appealable for express reasons as required by La.Code Civ.P. art. 1915(B). The plaintiff filed a response to this court's rule. After considering the brief filed on behalf of the plaintiff and the record in this appeal, we dismiss the appeal and remand this case to the trial court for reformation of the judgment.

The instant litigation arises out of a landlord-tenant relationship. The plaintiff was a tenant in the Ed Washington Place Apartments. The defendants have ownership interests in the complex or have management or employment responsibilities with the complex. The named defendants are H. Cookie Benson, Bobby Benson, Monica Benson, Sterling Grove Housing Development, Inc. d/b/a Ed Washington Place Apartments, and C.S. Management, Inc.

In the course of litigating this suit, the defendants filed a motion for summary judgment. The motion singled out only six theories of recovery or causes of action which the plaintiff's petition set forth. In part, the motion states, "Defendants request that this Honorable Court set a Rule to Show Cause Hearing ordering the Plaintiff to show cause, why a summary judgment should not be granted, dismissing, with prejudice, several of the causes of action(s) asserted against the Defendants, with prejudice, and at Plaintiff's costs."

After conducting a contradictory hearing on the motion for summary judgment, the trial court entered a judgment which read, in pertinent part, "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for Partial Summary Judgment is hereby **GRANTED.**" The plaintiff filed a motion for a devolutive appeal from this ruling. As stated above, upon the lodging of the record in

this case, this court issued its rule for the plaintiff to show cause why the appeal should not be dismissed since the trial court's judgment states that it is a partial judgment, but the judgment is not designated as immediately appealable pursuant to La.Code Civ.P. art. 1915(B).

In the brief filed in response to the rule to show cause, the plaintiff explains that at the hearing on the motion for summary judgment, the trial court granted summary judgment as prayed for by the defendants. Plaintiff states that the trial court's ruling dismissed all claims against all parties, except for the assault and battery claim against one defendant, Bobby Benson. Thus, the essence of the trial court's ruling was to dismiss the suit against four of the defendants in full and to dismiss all claims against the last remaining defendant, Bobby Benson, except for the intentional tort claim. However, the trial court's written judgment is not this clear and precise. To the contrary, as quoted above, the trial court's written judgment simply states that the defendants' motion for partial summary judgment is granted. The judgment does not order the dismissal of any particular party.

In *Jenkins v. Recovery Technology Investors*, 2002-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, the Office of Workers' Compensation (OWC) court had entered judgment in favor of the injured employee against Recovery Technologists, Inc., ordering weekly benefits and medical expenses be paid. However, subsequent to entry of this judgment, the employer's compensation insurer, Louisiana Workers' Compensation Corporation (LWCC), changed the payments into supplemental earnings benefits, then later unilaterally discontinued the payments. The issue of whether these benefits were wrongfully terminated came before the OWC. The OWC court entered judgment reinstating compensation benefits for the employee. However, the OWC court also entered judgment assessing penalties against LWCC, as well as other assessments.

In dismissing the appeal and remanding the case, the appeals court stated:

A valid judgment must be precise, definite and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; *Davis v. Farm Fresh Food Supplier*, 2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

In the present case the employer is identified in the caption of the judgment as "Recovery Technology Investors," although its proper name may be "Recovery Technologists, Inc.," as shown in the original judgment of June 19, 1997. While the April 18, 2002 judgment, which is presently before us, mentions the failure of LWCC to pay benefits, LWCC was not mentioned in the June 19, 1997 judgment. It is not clear from the 2002 judgment whether penalties and attorney fees are cast against LWCC or against the defendant named in the caption of the case, or any defendant at all. It merely recites that the plaintiff is entitled thereto. Thus, the judgment in this case is not a final appealable judgment.

Since this court lacks jurisdiction in the absence of a final appealable judgment, the appeal is dismissed and the matter is remanded for reformation of the judgment.

2002-1788, pp. 3-4, 858 So.2d at 600.

Similarly, in the instant case, we find that the trial court's judgment is fatally defective. In order to know what the trial court's written judgment means, reference must be made to multiple documents. For instance, the trial court's judgment states that the defendants' motion for **partial** summary judgment is granted; however, the motion for summary judgment filed into the record does not indicate that it is a motion for partial summary judgment. More problematic is the prayer for relief in the motion for summary judgment, assuming that that is the motion referenced by the trial court's written judgment. The prayer does not indicate that any individual defendant should be dismissed in full; rather, the prayer asks that the trial court dismiss "several of the causes of action(s) asserted by Plaintiff". Though the motion for summary judgment lists six causes of action allegedly set forth in the plaintiff's petition, the motion is ambiguous as to which of these the defendants, if any, are dismissed as a result of the granting of this motion. Even if this court were to overlook these deficiencies and

3

assume that the motion was seeking dismissal of all these claims, reference must still be made to the plaintiff's petition to know whether this ruling results in the dismissal of any party in full.

This latter fact renders this case particularly difficult since, according to the plaintiff, the trial court's judgment results in the complete dismissal of several party defendants, which would render the judgment immediately appealable as to those defendants pursuant to La.Code Civ.P. art. 1915(A)(1). However, insofar as the judgment only results in dismissal of some of the claims against Bobby Benson, the judgment would require certification pursuant to La.Code Civ.P. art. 1915(B), in order to be immediately appealable as to Bobby Benson.

Therefore, as the first circuit ordered in *Jenkins*, we hereby dismiss the instant appeal and remand this case to the trial court for reformation of the judgment so that it is precise, definite, and certain.

**APPEAL DISMISSED AND REMANDED.**