# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1208

SHERRY DEBARGE

VERSUS

LFI LAKE CHARLES

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 06-07534
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**DISMISSED AND REMANDED.**

Marcus Miller Zimmerman
Attorney at Law
4216 Lake Street
Lake Charles, LA 70605
(337) 474-1644
COUNSEL FOR PLAINTIFF/APPELLEE:
    Sherry Debarge

Kirk L. Landry
Keogh, Cox & Wilson
P. O. Box 1151
Baton Rouge, LA 70821
(225) 383-3796
COUNSEL FOR DEFENDANT/APPELLANT:
    LFI Lake Charles

**GREMILLION, Judge.**

In this workers' compensation matter, judgment was rendered in favor of the employee on the issues of weekly indemnity benefits and medical expenses. However, the judgment did not specify against whom it was rendered, the amount of weekly indemnity awarded, the amount of medical benefits awarded, or what amounts were taxed as costs of court. "Labor Finders," "LFI of Lake Charles," and ACE Insurance Company ("LFI") lodged this appeal, arguing that the judgment is defective in the above particulars and other aspects of the judgment, assuming it is a valid judgment. For the reasons that follow, we dismiss the appeal and remand the matter to the workers' compensation judge (WCJ) with instructions to enter a definite judgment.

## FACTS

On October 30, 2006, Sherry DeBarge, in proper person, filed a Disputed Claim for Compensation (Office of Workers' Compensation Form 1008, hereafter "1008") in which she alleged that she was injured on November 1, 2005, when she became entangled in some plastic and fell, hitting her head. On December 1, 2006, counsel formally enrolled for "Employer, **LFI OF LAKE CHARLES**." That day, the WCJ signed an order enrolling counsel for "Employer, **LFI OF LAKE CHARLES**." On February 15, 2007, an answer was filed on behalf of "the Employer, Labor Finders, named as LFI of Lake Charles." Later pleadings were filed in the name of "Employer, LFI of Lake Charles." The identity of DeBarge's employer was never otherwise raised as an issue.

DeBarge was treated for problems with her neck for which her orthopedic surgeon, Dr. Clark Gunderson, recommended a surgery to remove disc fragments and fuse her vertebral end plates at the C5-6 level. LFI initially sent DeBarge to an orthopedic surgeon, Dr. James Perry, who recommended conservative treatment.

The WCJ appointed a neurosurgeon, Dr. Thomas Bertuccini, to conduct an independent evaluation. He initially recommended conservative treatmentand that a myelogram and post-myelogram CT scan be performed. These studies were performed on August 20, 2008.

Dr. Gunderson later opined that DeBarge needed surgery at the C5- and C4-5 levels and communicated his surgical recommendations to Ms. Karen Young of ACE Insurance on September 4, 2008.[1] On January 15, 2009, DeBarge was operated on by Dr. Gunderson at both the C5-6 and the C4-5 levels despite LFI's failure to authorize the surgery. On February 28, 2009, his review of the myelogram and CT scan of DeBarge's neck convinced Dr. Bertuccini to concur with Dr. Gunderson's surgical recommendation as to an anterior discectomy, but only at the C5-6 level. Dr. Bertuccini thought that the chance that DeBarge would need plating and fusion was small, "but that is a possibility depending on intraoperative findings." On May 15, 2009, Ms. Young wrote Dr. Gunderson to advise that she was unable to authorize the surgery he recommended because Dr. Bertuccini had only recommended surgery at the C5-6 level. It appears that Ms. Young was unaware that DeBarge's surgery had been performed four months before.

On August 17, 2009, Ms. Young informed Dr. Gunderson that all further treatment of DeBarge was denied.

The salient issues for trial were DeBarge's entitlement to weekly indemnity and medical benefits, penalties and attorney fees sought against LFI, and LFI's contention that DeBarge was entitled to no benefits because she falsified answers to its pre-employment questionnaire by denying previous spinal impairments. The

---

[1] Ms. Young is the adjuster who handled DeBarge's case for ACE Insurance Company, LFI's workers' compensation carrier.

2

matter came for trial before the WCJ. The WCJ found that DeBarge had been injured in 2005. Dr. Gunderson recommended that she have surgery in September 2007, and that DeBarge arrived at the point where she could simply not tolerate her pain. So she shouldered the cost of the surgery herself.

The WCJ also found virtually no support for LFI's claim that DeBarge had forfeited her benefits under La.R.S. 23:1201.8 by denying the existence of previous neck problems dating back to 1996 on her pre-employment medical questionnaire. That DeBarge had denied those problems was not questioned; that LFI had failed to demonstrate all elements necessary to warrant forfeiture of her benefits was. An untrue or inaccurate statement does not equate to fraud, the WCJ reasoned, and in the nine years between DeBarge's neck complaints in 1996 and the subject accident in 2005, she had been employed performing strenuous labor.

The ruling of the trial court was:

> For reasons why I have detailed in some detail, the court finds as follows: Sherry DeBarge is entitled to workers' compensation indemnity benefits as a result of her November 1, 2005, work accident retroactive to the date of the accident. As a consequence of the accident, she is entitled to all reasonable medical treatment including all medical bills and out of pocket expenses related to the accident. [B]ecause the defendant unreasonably terminated benefits on August 17th, 2009, a penalty of $8,000.00 is assessed.
>
> Given the overall conduct of the defendant in the handling, or mishandling of this matter, the request by claimant's counsel for $14,000.00 in attorney's fees is awarded.

DeBarge's counsel was to prepare the judgment, which was signed on June 6, 2011. The judgment identified counsel present at the time of the ruling and the parties they represented, and provided in pertinent part:

**IT IS ADJUDGED, ORDERED, AND DECREED** as follows:

1. Claimant Sherry Debarge is entitled to and employer is responsible for, paying Temporary Total Disability benefits from the date of the work-accident November 1, 2005.

2. Claimant Sherry Debarge is entitled to and employer is responsible for, all reasonable medical benefits and treatment as a result of the November 1, 2005 work accident, including payment of all surgical expenses related to the surgery performed by Dr. Clark Gunderson, out-of-pocket expenses and all related medical expenses.

3. The termination of medical benefits was arbitrary and capricious and done without probable cause, thus entitling claimant to an award of $8,000.00 in penalties and an award of $14,000.00 in attorney fees.

LFI then perfected this appeal.

## ASSIGNMENTS OF ERROR

LFI asserts the following assignments of error:

1. The workers' compensation judge committed legal error in rendering judgment in these proceedings, where the judgment is utterly lacking in decretal language and is not factually supportable.

2. The judgment of the Workers' Compensation Court constitutes legal error to the extent that it awards more than $750.00 for the surgery performed by Dr. Gunderson.

3. The workers' compensation judge committed legal error in failing to deny claimant's entitlement to benefits as a result of her violation of La.R.S. 23:1208.1.

4. The workers' compensation judge committed manifest error in awarding penalties and attorney's fees where the claim was reasonably controverted.

DeBarge answered the appeal and seeks additional attorney fees for work done by her counsel on appeal.

## ANALYSIS

"A judgment is the determination of the rights of the parties and may award any relief to which the parties are entitled." La.Code Civ.P. art. 1841. A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 02-0045, 02-0046 (La.App. 1 Cir. 12/20/02), 836 So.2d 364. In *Laird*, the judgment of a WCJ failed to identify the names of the parties. The court of appeal stated, "These determinations should be evident from the language of a judgment

4

without reference to other documents in the record." *Id*. at 366. The appeal was dismissed for lack of jurisdiction in the court of appeal. *See* La.Code Civ.P. art. 2083.

In *Page v. Benson*, 11-936 (La.App. 3 Cir. 10/5/11), 74 So.3d 313, this court dismissed an appeal of a partial judgment that had not been designated as immediately appealable and remanded to the trial court for reformation of the judgment. The judgment at issue provided, "**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for Partial Summary Judgment is hereby **GRANTED**." The motion for summary judgment at issue was not for partial summary judgment, but summary judgment. The prayer for relief in the motion prayed that several causes of action be dismissed, but the judgment seemingly resulted in the complete dismissal of several parties. The fact that the court of appeal had to refer with particular difficulty to the motion for summary judgment to decipher the nature of the ruling rendered the judgment fatally defective.

DeBarge argues that the identity of the parties was never an issue in the instant case, and we agree. The judgment specifically states that the trial was held on March 2, 2011, and that present at trial was counsel for "employer, LFI of Lake Charles." Thus, the party cast in judgment is clearly identified.

The identity of the parties is not the only element necessary for a valid judgment. The WCJ awarded temporary total disability benefits. The amount of those benefits is not specified. The judgment also failed to specify the amount of medical benefits awarded, which is a fact the court finds particularly troubling in light of LFI's second assignment of error regarding whether any party is liable for Dr. Gunderson's charges. The judgment fails to specify what amounts other than clerk's charges are being taxed as costs of court. An observer could not determine

5

LFI's liability to DeBarge by looking to the judgment. This renders the judgment defective and deprives us of jurisdiction, without regard to the other elements of the award.

## CONCLUSION

A workers' compensation judgment, to be definite, must specify the amount of weekly indemnity benefits awarded. This judgment does not. We dismiss the appeal and remand the matter to the Workers' Compensation Judge with instructions to enter a definite judgment. Costs of this appeal are taxed equally to plaintiff/appellee, Sherry DeBarge and defendant/appellant, LFI of Lake Charles.

**DISMISSED AND REMANDED.**