NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-575


ALTON JILES O/B/O KAYLA JILES

VERSUS

WILTON ANTHONY, ET AL.


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62,507
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell, and James T. Genovese, Judges.


APPEAL DISMISSED AND REMANDED.

Harold Dean Lucius, Jr.
Law Office of Kirby D. Kelly
515 Spring Street
Shreveport, LA 71101
(318) 459-1885
COUNSEL FOR PLAINTIFF/APPELLANT:
    Alton Jiles

**Joseph P. Landreneau**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
**GuideOne Mutual Insurance Company**
**Wilton Anthony**
**Siloam Baptist Church**

**SAUNDERS, Judge.**

Upon the lodging of the record in this appeal, this court issued a rule to show cause, on its own motion, ordering the plaintiff-appellant, Alton Jiles, to show cause why this appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling. The plaintiff filed a response to this court's rule. After considering the brief filed on behalf of the plaintiff and the record in this appeal, we dismiss the appeal and remand this case to the trial court for reformation of the judgment at issue.

The instant case arises out of the serious playground injury of Kayla Jiles that occurred at a church function when another child pushed her to the ground. The Plaintiff filed suit alleging that the Defendants breached a duty to provide a safe, supervised environment for minor children. In the course of these proceedings, the Defendants filed a motion for summary judgment seeking to have all of Plaintiff's claims dismissed, with prejudice. After conducting a contradictory hearing on the motion for summary judgment, the trial court entered a judgment, which read, in pertinent part, "motion be and is hereby **G R A N T E D**, finding Plaintiffs unable to meet their burden of proof that supervision of the subject basketball court would have prevented the unforeseeable and sudden push of the subject child by the angered aggressor child or that the subject child's fall constituted an unreasonable risk of harm". The plaintiff filed a motion for a devolutive appeal from this ruling.

Although the trial court's written judgment states that the motion for summary judgment is granted, the judgment does not order the dismissal of all of Plaintiff's claims, as requested in the Defendants' motion for summary judgment, nor does the judgment dismiss a portion of the Plaintiff's claims pursuant to La.Code Civ.P. art. 1915(B). Therefore, we find that, on its face, this judgment is insufficient for this court's review.

In *Page v. Benson*, 11-936 (La.App. 3 Cir. 10/5/11), 74 So.3d 313, 315, *citing Jenkins v. Recovery Technology Investors*, 02-1788 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600, this court stated:

> A valid judgment must be precise, definite and certain. *Laird v. St. Tammany Parish Safe Harbor*, 2002-0045, p. 3 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365; *Davis v. Farm Fresh Food Supplier*, 2002-1401, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 352, 353. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 2001-2016 (La.App. 1st Cir.11/27/02), 837 So.2d 43.

In the instant case, we find that the trial court's judgment is not clear in the relief that is being granted. A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 02-45, 02-46 (La.App. 1 Cir. 12/20/02), 836 So.2d 364. "These determinations should be evident from the language of the judgment without reference to other documents in the records." *Id*. at 366.

In the trial court's granting of the motion for summary judgment in this case, the trial court has failed to specify the relief that it is granting. In order to make this determination, it is necessary to look to other pleadings when this determination must be clear from the language of the judgment alone.

Therefore, without a definitive ruling from the trial court, the judgment at issue does not constitute a final appealable judgment, and this court lacks jurisdiction to review this matter. Accordingly, we hereby dismiss the instant appeal and remand this case to the trial court for reformation of the judgment so that it is precise, definite, and certain. In the event that an appropriate judgment is obtained, a new appeal may be filed at that time.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.